■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IVAN BRAJER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered June 23, 1986, convicting him of criminally negligent homicide, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

The defendant's car struck and killed the victim as she crossed a well-lit intersection. The defendant driver had been drinking and he turned his head to converse with his passenger when the passenger saw the victim and called out a warning to the driver. The victim, a large woman, was wearing a white blouse when she was first spotted in the intersection by the defendant's passenger about half a block to a block away. The defendant swerved in an effort to avoid the woman, but struck her so hard that her body was propelled through the air and bounced several times before coming to rest. The force of the impact and the severity of the fatal injuries inflicted on the victim belie the defendant's claim that he was driving about 35 miles per hour. The jury's conclusion that the defendant failed to perceive a substantial and unjustifiable risk that his inattentive driving while intoxicated and at an excessive speed would cause death, was supported by legally sufficient evidence *(see,* Penal Law § 15.05 [4]; § 125.10). Furthermore, in the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's objections concerning the court's charge, which he raises for the first time on appeal, have not been preserved for our review (CPL 470.05 [2]), and we find no error in the charge in any event.

The defendant objects to the sentence imposed and requests that we modify it to a term of probation and community

service. However, the defendant's criminally negligent conduct caused a person's death, and we agree with the sentencing court that incarceration is appropriate. We find no abuse of discretion in the sentence imposed *(see, People v Suitte,* 90 AD2d 80). Lawrence, J. P., Kunzeman, Kooper and Sullivan, JJ., concur.